**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 07-5100**

───────────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

MICHAEL LAMPKIN,

            Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.    Frank D. Whitney, District Judge. (3:06-cr-00051-FDW-DCK-1)

───────────────

Submitted: July 7, 2008              Decided: July 17, 2008

───────────────

Before WILKINSON, NIEMEYER, and TRAXLER, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Matthew Collin Joseph, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Lampkin pled guilty to conspiracy to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C.A. §§ 841(b)(1)(A), 846 (West 1999 & Supp. 2008), possession with intent to distribute cocaine, in violation of 21 U.S.C.A. § 841(b)(1)(A), possession with intent to distribute marijuana, in violation of 21 U.S.C.A. § 841(b)(1)(B), and money laundering, in violation of 18 U.S.C.A. § 1956(h) (West 2000 & Supp. 2008). Lampkin claims the district court abused its discretion in denying his motion to withdraw his guilty plea, denying his request for a reduction to the offense level for acceptance of responsibility, denying his request for a reduction under the safety valve provision of the Guidelines, denying his request for a reduction for being a minor participant and increasing his offense level upon finding he obstructed justice. We find no error and affirm.

We review the district court's refusal to allow a defendant to withdraw a guilty plea for abuse of discretion, as a defendant has "no absolute right to withdraw a guilty plea, and the district court has discretion to decide whether a fair and just reason exists upon which to grant a withdrawal." United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003) (internal quotation marks omitted).

Because there is no indication Lampkin's guilty plea was anything but knowing and voluntary and because he failed to

sufficiently assert his innocence to the charges, we find no merit to this claim.

With respect to the Guidelines adjustments that were either denied by the district court or granted by the court over Lampkin's objection, we find there was no clear error in the court's findings. Because Lampkin impeded the investigation into the drug conspiracy and because he attempted to withdraw his guilty plea at sentencing, the court's decision not to give him a reduction for acceptance of responsibility or relief under the safety valve was not clear error. Likewise, the evidence established Lampkin obstructed justice and was eligible for an upward adjustment. The court's finding that Lampkin was more than a minimal participant in the conspiracy was not clearly erroneous.

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED